Right off the bat, I'm going to acknowledge that I certainly don't profess to be learned on the very complicated issue of collateral estoppel and double jeopardy. At best, I look forward to a decision from this Court that may help all of us in Guam to resolve these issues. In my 17 years of practice, this is perhaps the most complicated legal issue I've been called upon to address. But I'm here today and I'm here with a very proud and pleased to be here on behalf of Jesse Sablan. Because one issue that wasn't addressed in any of the briefs was the issue of what is right and what is wrong. Well, you know, that's a great issue. But unfortunately, we have to decide this case on whether or not a prosecution for a Hobbs Act based on a robbery allegation would be placing your client in double jeopardy. Right? Now, you had this interesting argument that the Blackberger test didn't apply here. I didn't quite understand that. It seems incompatible with the argument of collateral estoppel. Because if you're looking at the test for collateral estoppel, were the issues similar? Were they material? Were they leviated? Was there a final decision? What was he prosecuted for under the local statute? Initially, he was prosecuted for robbery and by virtue of a plea. Right. Okay. So what did he plead to? He pleaded guilty to theft of two 12-packs of beer in possession of a firearm without a firearm ID and did nine months in prison. All right. So your claim is that to prosecute him for Hobbs based on a robbery charge was kind of ‑‑ I don't know why the government would want to prosecute this guy for ‑‑ it was a liquor store, wasn't it? No, a convenient market or something. Right. But a Hobbs Act violation. I was in district court and I saw Hobbs Act cases. They were pretty ‑‑ they were real, very serious cases involving a lot of interstate transportation of goods. But nonetheless, here we are. So your claim has to be that the theft charge, I guess, the way I saw it, and this wasn't brief, but the way I saw it, that theft was essentially a lesser included offense in the robbery charge. I mean, the theft, right? As is the possession. Okay. Now, the government says, well, we don't have ‑‑ we have a different ‑‑ there's no intent to retain under Hobbs Act. Under Hobbs Act robbery. If this ‑‑ if I thought today I was here to do a blockburger analysis, I wouldn't have left long. I wouldn't take your time up because I can see, as well as I'm sure the court can, that there are different elements between the theft of the 12-pack of beer and the possession of a firearm without an ID. Well, let me ask you this. What if under Hobbs Act the robbery component also required an intent to retain, just like under the theft statute, under the local law? The intent to permanently deprive? Yes, intent to deprive. What if it were the same? Then you'd have serious problems because then it would be barred by the application of the blockburger same element test. Okay. But you don't think that ‑‑ you don't see any possibility that intent to deprive is part of the robbery component of the Hobbs Act. Is that your whole problem with this? No. My whole problem is the issue of theft of beer, which is material absolutely to the Hobbs Act charge, and the possession of a firearm without an ID, which is likewise material to the Hobbs Act. That is why I'm here today and the government seeks to relitigate those issues. And I think they are bound under the successive prosecution by a single sovereign, and I believe they cannot do it under the collateral estoppel analysis. I'd like to take one moment, if I may, just to read the most recent case dealing with collateral estoppel. And I know in this case, Castillo-Baza, the double jeopardy clause forbids the government from conducting a series of prosecutions involving the same fundamental issues in which it presents additional arguments for the subsequent iteration. And there is a public policy concern because I think we all agree that the reason we have the prohibition against double jeopardy is to prevent an individual from having to go through the anxiety of the subsequent prosecution, whether he was convicted or acquitted. When I read your brief, a little brief, page 10, and it says, we do not argue that the federal prosecution is barred because it is a re-prosecution of the same events for which he was previously convicted in territorial court. It seems to me you're waiving any part of double jeopardy that doesn't lead with collateral estoppel. Well, I think there are two ways, Your Honor. Isn't that what you're doing? No, because I believe... Because you said, we do not argue that the federal prosecution is barred because it is a re-prosecution of the same events for which he was previously convicted. Instead, you say collateral estoppel bars re-prosecutions of an issue that has been resolved in a prior proceeding. That's right. So you're really talking about a collateral estoppel argument. Issue preclusion. I want, I believe the district court judge should have precluded the re-litigation of issues... Well, I find it a little confusing what happened in the Superior Court. So could you just explain to me exactly what charges did he plead guilty to? He pled guilty. There was a consolidated... He was initially charged under CF-46906, and that involved the Superior Court robbery charge in the possession and use of a deadly weapon. Right. That was the original charge. That was the original charge. And that's not what he pled to. No. Your Honor, he then pled guilty to the lesser offenses of possession of a firearm without an identification card, terrorizing, and theft of a misdemeanor. And the theft as a misdemeanor was precisely the 212 packs of Budweiser that are... The beer. The beer, that are the basis of the federal charges. Then he did a plea agreement, and in that plea agreement, they consolidated two cases. A prior case, which isn't even a part of this one, but they dismissed CF-46906, the initial robbery charge, and they allowed him to plead guilty to possession of a firearm without an ID, terrorizing, and theft as a misdemeanor. He served nine months in jail. My problem with it all... And this is the analogy I would like, please, for the Court to understand my perspective. It would be like, under the Single Sovereign Doctrine, to me it is the same as walking out of the Superior Court, having admitted two elements, at least, or two very crucial issues to the Hobbs Act charge, admitted them, serving nine months in jail. When you get out of jail, having the same prosecuting entity say, Aha, thank you for giving us two of those critical issues. Now we've got to prove one. It interfered with interstate commerce because, by gosh, you already admitted to the theft of beer, and you already admitted to the possession of firearm. What's left in a Hobbs Act robbery? Interstate commerce. Now I would like to, please, have a little bit of time to talk about, or making things clear that I believe were overlooked at the District Court. One, the District Court did not include in the collateral estoppel analysis, or in the analysis at all, the possession of a firearm. Because the Court, relying on the Declaration of Probable Cause in CF 469, said, No, that firearm wasn't brandished when my client was at Estabark. Rather, it was brandished at another time and place, at the Rainbow Hotel. The judge respectfully submitted his wrong on that issue. If you look at the Declaration of Probable Cause, it does say my client had a firearm at the Rainbow Hotel, but significantly it says that he had a firearm at the Best of Mark. So this is all, okay. I'm just clarifying. Okay. Just to make sure we all understand that it's all about the Best of Mark. That's right. And that the firearm was part and parcel of that offense. Okay. You are over your time, but I think we'll give you some time in rebuttal. I think we'd like to hear from the government. Thank you. Thank you. Thank you very much for having me here. Thank you. Good morning again. Eric O'Malley on behalf of UW-LA. What was the point of this prosecution? You're asking the wrong person. This was not my case. It was not my decision to prosecute it. I've never quite seen the HODS Act used in this manner, but I guess it's possible. I would agree. And I think that that's the issue that we're here to resolve today, is whether or not it is possible. And I respectfully submit that it is. We're in weird circumstances here, and I'm not sure if there's anywhere else in the other jurisdiction outside of the territories where this would apply. But we are in kind of a situation where we have to assume that the territorial legislature of Guam is Congress, and we're willing to concede that. I think that is appropriate. However, the defendant's focus is trying to distract attention from what has already been held in the United States versus Dixon, and that is that the ultimate question as it concerns double jeopardy is concerned with the blockburger test and statutory construction and not conduct. The defendant in counsel is trying to bootstrap the analysis method that was rejected in Dixon and bring it back into the mix through the use of collateral. So I would submit that that is not an argument that the defendant really wants to win for reasons that he himself just listed. And that is, is that it would relieve the government of its burden of proving what could potentially be essential facts. It would work against the defendant. And I would point out that it would also go against some of the dicta in the Dixon case itself, where Justice Scalia said, and I quote, collateral assault will in fact contribute to double jeopardy clause. And it cites Ashley Swenson, may bar a later prosecution for a separate offense where the government has lost, the infinite metallic's lost. So I assume that that means that that's important. An earlier prosecution involving the same facts. But this does not establish that the government, quote, must bring its prosecutions together, unquote. It is entirely free to bring them separately and to bring conditions in both. He pled. He did. And he had no idea he was going to wind up getting charged with the same, was it the same year as that in federal court? I assume. I don't know. I assume. And I think, I don't want to get my colleague into too much trouble, but I think that we have a valid policy for a reason. I'm not sure why. Okay. Where do they differ? Looking, comparing first the Hobbs Act and the theft statute. As you noted, the theft statute requires an intent to deprive. This is not required by the Hobbs Act. In fact, the Hobbs Act could also use. Now, usually we see Hobbs Act prosecutions are under the extortion clause. That's correct. You don't usually see them, the alleged robbery. This one was charged. But, you know, why doesn't, you know, when you think about robbery, why doesn't it have the same element of intent to deprive as theft? You would have to ask Congress that. I'm not qualified to speak on their behalf. I think in this particular case. He didn't advance this argument, but it seems to me that if robbery has the same element of intent to deprive as theft, theft is a lesser inclusion of robbery. I would respectfully disagree. Why? I think that there are other elements that are required by the Hobbs theft statute that are not required. What? Tell me what they are. Well, for example, the theft statute requires an actual taking of another person's property, whereas the Hobbs Act allows attempts and conspiracies as well, so the property doesn't actually have to be removed from another person's actual physical possession. We would also submit, in addition to the extortion possibility and the threats against a person, as you've already highlighted, that there is the intent to personally deprive. I think that Hobbs Act could also apply to the situation, for example, with theft of trade secrets, where you're not necessarily depriving the original owner of that knowledge, but you're still stealing something, taking something from them, and using that to inhibit commerce. And that is at the heart of this analysis. What are different offenses? What are the different offenses? And I would submit that the offense that the Obama legislature was seeking to address with its theft statute was to protect a person's property, whereas the Hobbs Act, the offense is against commerce, against national commerce, the economy, the national economy. So even though those are different interests, and Blockberger instructs us to look strictly at the statutory construction, at the end of the day, what we have to ask ourselves is, did the lawmakers intend these to be different offenses? Both under the Blockberger test and looking at the purpose of the laws, I would submit that it is, these were, the intent was. So when you take this case, assuming you get to go forward with your Hobbs Act prosecution, and you take this case to a jury, what are the elements that you're going to have to establish to show that he's guilty of the Hobbs Act? The, to establish the elements of the Hobbs Act, we would have to show that he abused the owners of the beer, the apartment that beer, by threats. We would also have to show that it affected commerce. I think those are the two big ones. That's the way it was charged, right? Okay. I had a much beloved mentor who had an expression, using an atomic bomb to crack a peanut. It's a little like that. Okay. There are no further questions. There don't appear to be any further questions. Thank you very much. Thank you. Thank you. Thank you. Thank you. The matter just argued is submitted for decision. We'll hear the next case, which is United States v. Stavisky and Myers. Stavisky. Stavisky, yeah. Stavisky.
judges: Schroeder, Paez, Smith